IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP N. PARTAIN,
    Plaintiff,

vs.                                           3:07cv121/MCR/MD

SOCIAL SECURITY ADMINISTRATION, et al.
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner who is proceeding pro se, submitted an untitled pleading that was docketed as a complaint and a motion to proceed *in forma pauperis*, which was granted. Because the court could not discern any viable claim in the plaintiff's complaint, it entered an order directing him to file an amended complaint if he wished to proceed with this action.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Plaintiff's "complaint" fails to comport with these requirements.

As best the court can discern, plaintiff appears to wish to bring criminal charges against the Social Security Administration because his social security check has been garnished and he has not received his checks. Plaintiff, a private citizen may not personally initiate criminal charges by the filing of a civil complaint. Such charges are properly brought only by the office of the Untied States Attorney, acting on behalf of the sovereign. Plaintiff also indicated that he wished to be compensated for the alleged non-

payment, although the factual basis for this claim was unclear. Plaintiff's second "claim" is against People's and Citizens Bank. He maintains that $4,500 was "missing" from his account after he was released from Florida Hospital. It is unclear whether this claim is related to his allegations against the Social Security Administration, or how he alleges People's and Citizens was responsible for this. The court afforded plaintiff the opportunity to clarify his allegations in an amended complaint. However, the order was returned to the court as undeliverable, as was the clerk's memorandum to pro se litigants.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed for failure to state a cognizable claim and for plaintiff's failure to keep the court apprised of a valid address and to prosecute this action.

At Pensacola, Florida, this 13th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv121/MCR/MD*